UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIGOBERTO NODAL-GARMAS,

      Petitioner,

    v.                      Case No.:  2:26-cv-01827-SPC-NPM

TODD BLANCHE *et al*,

      Respondents,

                                /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Rigoberto Nodal-Garmas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Nodal-Garmas is a native of Cuba who was paroled into the United States in 1996. ICE detained him for about three months in 1999 and about four months in 2005, but the record does not reflect why. Both periods ended in release on orders of supervision. An immigration judge ordered him removed on December 6, 2006. Immigration and Customs Enforcement ("ICE") released him under an order of supervision on January 18, 2007. Nodal-Garmas was convicted of battery and resisting an officer with violence in 2008 and grand theft in 2010. ICE detained him in again in 2017 before releasing him on another order of supervision.

On February 4, 2026, local law enforcement arrested Nodal Garmas on an out-of-county warrant, and ICE issued an immigration detainer. ICE took

custody of Nodal Garmas on March 5, 2026. He is currently detained at Glades County Detention Center. Nodal-Garmas argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Nodal-Garmas's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Nodal-Garmas carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2007 and 2017, and both Cuba and Mexico have refused to accept him. The burden shifts to the government, but

it makes no attempt at rebuttal. The Court finds no significant likelihood Nodal-Garmas will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Nodal-Garmas's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Rigoberto Nodal-Garmas's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Nodal-Garmas poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3.  Nodal-Garmas may file a reply within three days of the supplemental
response.

**DONE AND ORDERED** in Fort Myers, Florida on June 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record